1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TASHA G.,

8                              Plaintiff,

9        v.

10    COMMISSIONER OF SOCIAL SECURITY,

11                              Defendant.

12

CASE NO. C20-1499-BAT

**ORDER AFFIRMING THE
COMMISSIONER AND DISMISSING
THE CASE**

13        Plaintiff Tasha G. seeks review of the denial of her application for Supplemental Security

14    Income and Disability Insurance Benefits, arguing that the ALJ erred in evaluating the medical

15    opinions. Dkt. 16. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES**

16    the case with prejudice.

17                              **DISCUSSION**

18        Plaintiff argues that the ALJ failed to properly address the opinions of examining

19    psychiatrist Anna Borisovskaya, M.D., examining psychologist Anja Luthi, Psy.D., and the state

20    agency consultants. Dkt. 16. When considering medical opinions (for applications filed on or

21    after March 27, 2017), the ALJ considers the persuasiveness of the medical opinion using five

22    factors (supportability, consistency, relationship with claimant, specialization, and other), but

23    supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2),

416.920c(b)(2), (c) (2017). The ALJ must explain in her decision how she considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not required to explain how she considered the other factors unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). The new regulations eliminate the agency's "treating source rule," which gave special deference to treating doctors' opinions. 82 Fed. Reg. at 5853.

## A.    Dr. Borisovskaya

On request from plaintiff's counsel at the conclusion of the hearing, the ALJ ordered a consultative examination, which Dr. Borisovskaya conducted in November 2019. Tr. 590. Dr. Borisovskaya opined that plaintiff would have mild limitations in her ability to understand, remember, and carry out simple instructions, moderate limitations in her ability to make judgments on simple work-related decisions, and marked limitations in her ability to handle complex instructions and complex work-related decisions; she would have marked limitations in her ability to interact with others and deal with changes in a routine work setting; and she would have difficulty attending work regularly and completing a normal work day. Tr. 596-97.

The ALJ found that although Dr. Borisovskaya stated she did not have the exact date plaintiff's problems began, plaintiff's initial trauma happened while she was working at Walmart from 2009 to 2013; the ALJ also noted that there was no record of mental health treatment before mid-2016. Tr. 22. The ALJ found that while Dr. Borisovskaya documented plaintiff shaking and stuttering during the examination, in regular treatment records plaintiff presented with unremarkable mental status exams with some anxiety or depression, and even at Dr. Borisovskaya's examination plaintiff was cooperative and made good effort and intermittent eye

1    contact, was appropriately groomed, had fair attention, linear thought process, and only stuttered

2    a little when talking about the stalking trauma. *Id.* The ALJ thus found that Dr. Borisovskaya's

3    opinion did not offer much persuasive value because it reflected plaintiff's allegations more than

4    mental status examination findings and was not generally consistent with plaintiff's presentation

5    throughout the relevant period. *Id.*

6          Plaintiff argues that the ALJ erred by cherry-picking the evidence, pointing out that the

7    ALJ did not mention several of Dr. Borisovskaya's findings on mental status exam, including

8    that plaintiff appeared spontaneous and genuine, she appeared in continuous distress, and her

9    mood was anxious and stressed. *Id.* Dkt. 16 at 5. However, while the ALJ must "make fairly

10   detailed findings in support of administrative decisions to permit courts to review those decisions

11   intelligently," the ALJ "need not discuss all evidence presented." *Vincent v. Heckler*, 739 F.2d

12   1393, 1394-95 (9th Cir. 1984). The ALJ discussed the mental status exam findings that she found

13   to be inconsistent with Dr. Borisovskaya's opinion and with other evidence in the record. The

14   fact that the ALJ did not recite every finding from Dr. Borisovskaya's mental status exam does

15   not establish that the ALJ improperly cherry-picked the record.

16         Plaintiff also argues that the ALJ improperly attempted to "play doctor" by interpreting

17   the medical evidence herself, asserting that the ALJ did not explain why the observations she

18   cited to were more significant than the ones she omitted. Dkt. 16 at 6. However, it is the ALJ's

19   responsibility to determine whether inconsistencies are material (or are in fact inconsistencies at

20   all) and whether certain factors are relevant to discount a medical opinion. *Morgan v. Comm'r of

21   Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ identified material inconsistencies

22   between Dr. Borisovskaya's opinion and her mental status exam findings and other evidence in

23   the record. This was not an improper attempt to "play doctor."

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

1   Plaintiff also faults the ALJ for failing to cite to specific mental status examinations

2  where plaintiff's presentation was inconsistent with her presentation to Dr. Borisovskaya. Dkt.

3  16 at 7. However, the ALJ stated that she found Dr. Borisovskaya's documentation of obvious

4  shaking and stuttering to be inconsistent with the generally "unremarkable mental status exams

5  with some anxiety or depression, as discussed herein." Tr. 22. In evaluating plaintiff's testimony,

6  the ALJ discussed these mostly unremarkable mental status exams. Tr. 20-21. The Court finds no

7  error in the ALJ's reference to treatment notes she had previously discussed.

8   Plaintiff further argues that in the mental exams the ALJ referred to, unremarkable

9  findings would be reasonable because plaintiff was presenting to her treating providers and

10  would "likely have some degree of comfort and be safe from PTSD triggers." Dkt 18 at 8.

11  Although plaintiff's proposed interpretation of these findings is plausible, the Court may not

12  favor plaintiff's proposed interpretation over the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954

13  (9th Cir. 2002). The ALJ reasonably found that plaintiff's typical presentation to treating

14  providers without tremors or stuttering was inconsistent with Dr. Borisovskaya's findings. This

15  Court may not disturb this finding.

16   Plaintiff next describes various treatment records that she asserts are consistent with Dr.

17  Borisovskaya's findings, arguing that the ALJ erred in failing to address these records. Dkt. 16 at

18  8-10. But plaintiff has not shown that these treatment notes constitute significant, probative

19  evidence such that the ALJ erred by failing to discuss them, or that the weight of this evidence

20  undermines the ALJ's finding that plaintiff typically presented normally with her treating

21  providers. Merely pointing to evidence that supports her proposed interpretation of the evidence

22  is not sufficient to undermine the ALJ's interpretation.

23

1    Finally, plaintiff argues that even though the ALJ stated that she included significant

2    social limitations in deference to plaintiff's reports of fear of men and anxiety around strangers,

3    the social limitations the ALJ included (that plaintiff can have occasional routine superficial

4    interaction with coworkers and incidental interaction with the public, but cannot have

5    interactions with the public as part of her job duties) were inadequate and did not account for all

6    the limitations Dr. Borisovskaya opined. Dkt. 16 at 10-11. However, as the ALJ found Dr.

7    Borisovskaya's opinion to not have much persuasive value, the ALJ was not required to

8    incorporate all the limitations she opined into the RFC finding. *See Batson v. Comm'r of Soc.*

9    *Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (ALJ is not required to incorporate opinions

10   she properly discounted into the residual functional capacity finding). The ALJ considered both

11   the supportability and consistency of Dr. Borisovskaya's opinion and found the opinion to be

12   lacking in both. The fact that the ALJ nevertheless incorporated some of the social limitations

13   alleged by plaintiff into the RFC does not establish error in the ALJ's RFC finding.

14       **B.       Dr. Luthi**

15       Dr. Luthi examined plaintiff in February 2018 and opined that plaintiff would have

16   marked limitations in the ability to perform activities within a schedule, maintain regular

17   attendance, and be punctual within customary tolerances without special supervision;

18   communicate and perform effectively in a work setting; maintain appropriate behavior in a work

19   setting; and complete a normal work day and work week without interruptions from

20   psychologically based symptoms; and that she would have moderate limitations in additional

21   work activities. Tr. 396. Dr. Luthi rated the overall severity of plaintiff's impairments as marked

22   and opined that her impairment would last 9 to 12 months with treatment; she recommended

23   vocational training and services once plaintiff's mental health had stabilized. *Id.*

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 5

The ALJ found this opinion to be of some persuasive value but found that it appeared to be heavily based on plaintiff's self-reported symptoms and limitations. Tr. 22. The ALJ further found it to be somewhat inconsistent with the medical records and with Dr. Luthi's own mental status examination. *Id.* And the ALJ found that the marked limitations Dr. Luthi opined conflicted with plaintiff's activities at that time, including writing daily, socializing with her boyfriend and other friends, and spending time in public settings. *Id.*

Plaintiff argues that despite finding Dr. Luthi's opinion to be of some persuasive value, the ALJ did not indicate that she adopted any of the limitations Dr. Luthi opined. Dkt. 16 at 12. However, the RFC finding included limitations consistent with Dr. Luthi's opinion. For example, Dr. Luthi opined that plaintiff would have mild or no limitations in following short and simple instructions and moderate limitations in following detailed instructions; the ALJ limited plaintiff to simple routine tasks. Tr. 19. Similarly, Dr. Luthi opined that plaintiff would have moderate limitations in learning new tasks and adapting to changes in a routine work setting; the ALJ limited plaintiff to a routine work environment with infrequent changes. *Id.* The ALJ did not err by failing to adopt any of the limitations in Dr. Luthi's opinion.

Plaintiff argues that the ALJ's finding that Dr. Luthi based her opinion on plaintiff's reports and not her own clinical observations is unsupported. Dkt. 16 at 12. She asserts that upon mental status examination Dr. Luthi recorded her clinical observations, including that plaintiff's speech was shaky, she was visibly anxious, her affect was consistent with her mood which plaintiff described as "somewhere borderline terrified," and her memory was not within normal limits. Tr. 397. She also asserts that Dr. Luthi relied on clinical assessments including the Beck Depression Inventory, the Beck Anxiety Inventory, and the Personality Assessment Inventory. *Id.*

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 6

1    However, the ALJ found that while Dr. Luthi opined that plaintiff had numerous marked

2    limitations and the overall severity of her impairment was marked, the only category she found

3    to be not "within normal limits" on mental status examination was memory, where Dr. Luthi

4    reported that plaintiff could not recall what she ate for dinner the night before and was able to

5    recall 2 of 3 words after a 5 minute delay. Tr. 397. Otherwise, Dr. Luthi found plaintiff's thought

6    process and content, orientation, perception, fund of knowledge, concentration, abstract thought,

7    insight, and judgment all to be within normal limits. Tr. 397-98. The ALJ could reasonably find

8    that Dr. Luthi's opinion that plaintiff had numerous marked limitations was unsupported by her

9    almost entirely normal clinical findings on mental status examination. This was a valid reason to

10   find Dr. Luthi's opinion only somewhat persuasive.

11        Plaintiff argues that the ALJ's finding that the opinion was inconsistent with plaintiff's

12   reported activities was vague and inaccurate. Dkt. 16 at 13. Plaintiff bases her claim of

13   inaccuracy on her report in 2019 that she had stopped writing a few years ago. Tr. 550. However,

14   the ALJ specified the activities she found to be inconsistent with Dr. Luthi's opinion—writing

15   daily, socializing with her boyfriend and other friends, and spending time in public settings—and

16   had discussed these reported activities earlier in the decision. Tr. 20-21. In that discussion, the

17   ALJ acknowledged plaintiff's 2019 report that she had stopped writing a few years ago, but also

18   noted plaintiff's and her boyfriend's reports from 2018 that she was a self-published author, she

19   was trying to earn money from her writing, and that she wrote daily. Tr. 394, 264. Given that Dr.

20   Luthi performed her examination in February 2018, the ALJ's comparison of Dr. Luthi's opinion

21   to contemporary reports was not unreasonable. This was not a vague or inaccurate finding.

22        Plaintiff also argues that it is unclear how the cited activities reflect on the limitations Dr.

23   Luthi opined. Dkt. 16 at 13. However, the ALJ could reasonably find that plaintiff's ability to

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 7

1  write on a daily basis and to socialize with others, including playing Dungeons and Dragons on a

2  weekly basis, was inconsistent with the marked impairments in functioning Dr. Luthi opined.

3       Plaintiff has not established error in the ALJ's assessment of Dr Luthi's opinion. The

4  ALJ gave valid reasons to find Dr. Luthi's opinion unsupported by and inconsistent with her own

5  examination findings and other evidence in the record and therefore only somewhat persuasive.

6      **C.**    **Medical consultants**

7       Finally, plaintiff argues that in finding the state-agency medical consultants' opinions to

8  be persuasive, the ALJ failed to provide specific and legitimate or adequate explanation for why

9  she preferred these opinions over the examining doctors' opinions. Dkt. 16 at 14. She asserts that

10  the ALJ did not explain how the consultants' opinions were consistent with the evidence in the

11  record or how they were more consistent than the other medical opinions. *Id.* at 14-15.

12       Plaintiff's argument appears to be an attempt to apply the former "treating source rule" to

13  the decision at hand. But there is no longer any special deference due to treating or examining

14  sources. The ALJ is not required to explain why she preferred a reviewing source over a treating

15  or examining source, so long as the evaluates the persuasiveness of each opinion and explains

16  why she found each opinion persuasive or not. Here, the ALJ met the requirements of the new

17  rule by evaluating the supportability and consistency of the medical opinions, relying on the

18  opinions she found to be persuasive, and discounting those she found unpersuasive or not fully

19  persuasive. The ALJ did not err by relying on the consultants' opinions she found to be

20  persuasive or by failing to explain why she preferred those opinions over the examining doctors'

21  opinions.

22       In general, plaintiff presents an alternative interpretation of the evidence and the medical

23  opinions and asks the Court to accept her proposed alternative over the ALJ's evaluation of the

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 8

1  evidence. But the Court may neither reweigh the evidence nor substitute its judgment for that of

2  the Commissioner. *Thomas*, 278 F.3d at 954. When the evidence is susceptible to more than one

3  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*. Because the

4  ALJ's findings are supported by substantial evidence and free of legal error, the Court cannot

5  disturb those findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Accordingly,

6  the Court affirms the ALJ's decision.

### CONCLUSION

8       For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is

9  **DISMISSED** with prejudice.

10      DATED this 14th day of September, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 9